# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE PATTERSON, | ) | No. ED CV 19-0907-RGK (PLA) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| G. CORTEZ, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner presently incarcerated at the California Institution for Men, Chino, California, filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on May 15, 2019. (ECF No. 1). Plaintiff also filed a request to proceed without prepayment of the filing fee, which was subsequently granted. (ECF Nos. 3, 8). Plaintiff names as defendants Correctional Counselor Cortez, Warden Borders, Correctional Counselor Vaca, Correctional Counselor Gosserand, and Director Gibson. All defendants are named in their individual capacities. (ECF No. 1 at 3-4). Plaintiff purports to raise one claim, for a violation of his due process rights to a "state created liberty interest to be released from prison to a community correctional facility." (*Id.* at 5). Plaintiff seeks monetary damages. (*Id.* at 6).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether

the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e.

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. See, e.g., Kwan v. SanMedica Int'l, 854 F.3d 1088, 1093 (9th Cir. 2017); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether a complaint should be dismissed for failure to state a claim under the [PLRA], we apply the familiar standard of Fed. R. Civ. P. 12(b)(6)."). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Further, it is particularly important in a civil rights case filed by a *pro se* litigant to attempt to ascertain plaintiff's claims to protect his or her access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule of liberal construction "relieves *pro se* litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"). In addition, the Court may not dismiss

a claim because a *pro se* litigant has set forth an incomplete "legal theory supporting the claim" alleged. See Johnson v. City of Shelby, 574 U.S. 10, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014). Finally, in determining whether a complaint states a "claim to relief that is plausible on its face," factual allegations are accepted as true and construed in the light most favorable to plaintiff. See, e.g., Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations fail to state a short and plain statement of any claim and appear insufficient to state a claim against any named defendant. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (a "*pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (internal quotation marks omitted)).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than September 9, 2019, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.[1]**

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to

3

A.  **FEDERAL RULE OF CIVIL PROCEDURE 8 ("RULE 8")**

Plaintiff's Complaint fails to comply with Rule 8(a) and Rule 8(d). Rule 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Additionally, Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants "fair notice of the claims against them"). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. Johnson, 135 S. Ct. at 347. Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims are not found to be wholly without merit. See McHenry, 84 F.3d at 1179.

Here, plaintiff appears to be raising only one claim against all defendants, but plaintiff's Complaint does not set forth any factual allegations against any defendant. Rather, plaintiff states the conclusory allegations that "defendants and each one of them conspired" to deny plaintiff

---

pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

"early release" because plaintiff filed a grievance against a "colleague." (ECF No. 1 at 5). To the extent that plaintiff wishes to state a federal civil rights claim against any defendant, plaintiff must allege that a specific defendant, acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original). However, plaintiff's Complaint does not allege that any named defendant took any action, participated in the action of another, or failed to take an action that he or she was legally required to do that **caused** a civil rights violation. Additionally, plaintiff does not allege any supporting facts such as when he filed the grievance that he alleges caused one or more defendants to retaliate, or when he was denied "early release" and by which defendant.

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants"). Additionally, the Court first discounts plaintiff's unsupported conclusory statements, which are not entitled to the presumption of truth, before determining whether any claim in the Complaint is plausible. See, e.g., Chavez, 638 F.3d at 1108. However, in order to state a claim that has "substantive plausibility," plaintiff must allege "simply, concisely, and directly [the] events" that he believes entitle him to recover damages. Johnson, 135 S. Ct. at 347. Plaintiff's Complaint fails to allege simple and direct factual allegations that show which events he alleges entitle him to recover damages against each named defendant.

In addition, plaintiff's only claim appears to allege that some or all defendants conspired, that some or all defendants retaliated against plaintiff for a grievance, and that some or all

defendants violated plaintiff's due process rights. Because plaintiff references all of these theories in a single claim and names five defendants without setting forth factual allegations against any defendant, plaintiff's Complaint fails to allege sufficient factual allegations against any defendant to nudge any claim "across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.

Accordingly, the Court finds that the Complaint fails to set forth a "short and plain statement" showing what the factual basis may be for a civil rights claim against any defendant. A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. Iqbal, 556 U.S. at 678 (alteration in original, internal quotation marks omitted). If plaintiff wishes to proceed on a federal civil rights claim against any defendant, plaintiff should set forth in an amended pleading a short and plain statement of each alleged constitutional violation separately, specifying which defendant is being sued based on which facts.

Therefore, the Court finds that the Complaint fails to comply with Rule 8.

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff's Complaint clearly states that plaintiff did not file a grievance concerning the facts alleged in his Complaint and did not exhaust the administrative grievance procedure available at his institution. (ECF No. 1 at 2). Plaintiff's explanation of why he did not file a grievance is that: "Exhaustion is not necessary when relief deals with monetary damages only." (*Id.*). Plaintiff is incorrect. A prisoner must exhaust the available administrative grievance procedure for any claim that arises from his incarceration, regardless of the remedies he seeks.

The Supreme Court has held that the PLRA requires a prisoner to complete any prison administrative process "capable of use" that provides the possibility of some form of relief, even if the prisoner seeks damages and such relief is not available under the administrative process. See Ross v. Blake, 136 S. Ct. 1850, 1857-59, 195 L. Ed. 2d 117 (2016) ("an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of'") (citing Booth v. Churner, 532 U.S. 731, 737-38, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)). Further, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). In addition, Section 1997e(a) "requires exhaustion before the filing of a complaint and . . . a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002); see also Woodford v. Ngo, 548 U.S. 81, 93-95, 126 S. Ct. 2378, 165 L. Ed. 368 (2006) (holding that the "PLRA exhaustion requirement requires proper exhaustion"). Further, if "a failure to exhaust is clear on the face of the complaint," the action may be dismissed. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). A prisoner, however, is not required to exhaust if the administrative remedy process is effectively unavailable. See, e.g., Andres v. Marshall, 867 F.3d 1076, 1078-79 (9th Cir. 2017) (as amended) (for example, if prison officials "improperly fail to process a prisoner's grievance," administrative remedies are effectively unavailable); Albino, 747 F.3d at 1171.

As noted above, the Supreme Court held in Booth, 532 U.S. at 734, 740-41, that the PLRA requires a prisoner to complete any prison administrative process that offers the possibility of "some relief," even if the prisoner seeks only money damages and such relief is not available under the administrative process. Plaintiff's Complaint acknowledges that, at the time that he initiated this action, plaintiff was aware that the institution where he is being held had an available grievance procedure. (ECF No. 1 at 2). Plaintiff has alleged that he did not exhaust the available grievance procedure before he filed this action. Exhaustion, however, is mandatory. See Booth, 532 U.S. at 741. Accordingly, it appears that this action may be subject to dismissal without prejudice because plaintiff's failure to exhaust is clear on the face of the Complaint. Albino, 747 F.3d at 1166; Price v. Link, 2019 WL 3034911, at *2 (E.D. Cal. July 11, 2019) (because plaintiff represented in the complaint that he had not completed the administrative appeal process before initiating his federal case, the court recommended the action be dismissed without prejudice).

C.  **RETALIATION**

Plaintiff's Complaint alleges that he filed an administrative complaint against an unnamed prison official at an unspecified time, and that some or all defendants "conspired" to deny plaintiff

7

"early release" because he had filed a grievance against a colleague. (ECF No. 1 at 5).

An action taken in retaliation for a prisoner's exercise of a First Amendment right is actionable under § 1983. See, e.g., Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). Filing a grievance with prison officials is a protected activity under the First Amendment. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). In order to state a claim under the First Amendment against a specific defendant, however, plaintiff must set forth factual allegations showing that the defendant took "adverse action," and he "must allege a causal connection between the adverse action and the protected conduct." See Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (setting forth elements of a retaliation claim in the prison context).

Here, as discussed above, plaintiff's Complaint fails to set forth any factual allegations showing what protected activity he engaged in at what time. Further, plaintiff fails to set forth any factual allegations showing that any named defendant was aware of plaintiff's protected activity or that any defendant took a specific adverse action against plaintiff because plaintiff had engaged in the protected activity. Accordingly, the Complaint fails to state a retaliation claim against any defendant that has "substantive plausibility." Johnson, 135 S. Ct. at 347.

D.  **LIBERTY INTEREST**

Plaintiff alleges that he has a "liberty interest" to be placed into a "community correctional facility via the 'MCRP' program." (ECF No. 1 at 5). Further, plaintiff appears to allege that defendants violated his Fourteenth Amendment due process rights. (*Id.*). Plaintiff, however, fails to set forth a short and plain statement of any potential claim under the Fourteenth Amendment against a specific defendant.

The federal guarantees of substantive and procedural due process under the Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672-73, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). In the prison context, the Supreme Court has held that the Due Process Clause does not protect a prisoner's

alleged liberty interest where a sanction "is within the normal limits or range of custody which the conviction has authorized the State to impose." See Meachum v. Fano, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); see also Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (due process procedural protections "adhere only when the disciplinary action implicates a protected liberty interest"). Protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (internal citations omitted).

To the extent that plaintiff is purporting to allege a civil rights claim against any defendant arising from a decision to hold him at a particular facility, in general, prisoners do not have a constitutional right to be housed in any specific facility. See Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (no due process right to be incarcerated in a particular facility); Meachum, 427 U.S. at 225 (placement of prisoners within the prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts"). Accordingly, to the extent that plaintiff's civil rights claim arises from a defendant's decision not to assign plaintiff to a "community correctional facility," plaintiff does not have a claim cognizable under the Fourteenth Amendment unless he can show that his housing assignment imposes an "atypical and significant hardship" on plaintiff in relation to the ordinary incidents of incarceration. Sandin, 515 U.S. at 483-84.

\* \* \*

Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide him with an opportunity to amend. Based on the above deficiencies, plaintiff's Complaint is **dismissed with leave to amend**. If plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint **no later than September 9, 2019**, remedying the deficiencies discussed herein. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that

the action be dismissed without further leave to amend and with prejudice.

The First Amended Complaint must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  Each claim plaintiff alleges must clearly set forth which defendant(s) is alleged to be responsible for the alleged violation, and clearly and concisely reference the factual allegations that are relevant to that claim.  Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: August 13, 2019

                                                  PAUL L. ABRAMS
                                     UNITED STATES MAGISTRATE JUDGE